UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-62115-CIV-ALTONAGA/Simonton

INTERNATIONAL SCHOOLS
SERVICES, INC.,

    Plaintiff,

vs.

AAUG INSURANCE COMPANY,
LTD and GREGOR GREGORY,

    Defendants.
_____/

## DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Defendants, AAUG Insurance Company, Ltd. ("AAUG") and Gregor Gregory ("GREGORY"), pursuant to S.D. Fla. Local Rule 7.1, hereby file this Reply Memorandum to Plaintiff International Schools Services, Inc.'s ("ISS") Memorandum In Opposition [ECF No. 219] to Defendants' Motion to Dismiss Amended Complaint [ECF No. 216] ("Opposition Memorandum"), and in support thereof state as follows:

### Reply to ISS's Arguments that AAUG is Not an Indispensible Party

Plaintiff sets forth its arguments against dismissal of the Amended Complaint for failure to join AAUG as an indispensible party in its Opposition Memorandum at the Argument section H., pages 13 and 14. Where rights sued upon arise from contract, all parties thereto must be joined. *See Ward v. Deavers*, 203 F. 2d 72, 75 (C.A.D.C. 1953) (citations omitted). All parties who may be affected by the determination of the action are indispensable. *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325-26 (9th Cir. 1975) (certiorari denied 96 S.Ct. 1492, 425 U.S. 903, 47 L.Ed.2d 752). A corporation generally is an indispensable party in any action affecting

1

its rights and liabilities. *Japan Petroleum Co. (Nigeria) Ltd. v. Ashland Oil, Inc.*, 456 F.Supp. 831, 836 (D.C.Del.1978). In an action for conspiracy, where a decision in a plaintiff's favor could impair a third party's rights without being able to protect its interests, and subject a defendant to inconsistent obligations, such third party is a necessary and indispensible party. *Plymouth Yongle Tape (Shanghai) Co., Ltd. v. Plymouth Rubber Co., LLC*, 683 F.Supp.2d 102, 114-15(D.Mass.2009) (Investor was necessary party to distributor's claim that manufacturer breached equity, technology transfer, and sales distribution agreements with distributor by characterizing investment as debt, where decision in distributor's favor could impair investor's rights without it being able to protect its interests, and subject manufacturer to inconsistent obligations.). A court must consider the interest of absentees in avoiding the possible prejudice effect of deciding the case without them. *See id*. at 112 (citations omitted).

In the instant case, all counts of the Complaint arise from failure to pay claims made under the policies for which AAUG, not Gregory, is a party. AAUG will be affected by any determination, orders or judgment and will undoubtedly have obligations imposed on it if found in favor of ISS. Court action could impair AAUG's rights without it being able to protect its interests, and subject Gregory to inconsistent obligations. For example, in order to make a determination of judgment for an accounting, AAUG should have an opportunity to defend and dispute any findings against it. AAUG is a necessary party since AAUG's books, records and other documents will primarily be at issue. Here, AAUG could be prejudiced if the fraud, accounting and conspiracy counts are decided without it having the ability to defend and raise arguments. Indeed, as suggested by ISS's agent, ISSFIN engaged in communications and transactions with AAUG. Payment of the claims under the policies, was the responsibility of AAUG, not Gregory

personally. The non-payment of the claims and reasons for non-payment concern AAUG.

## Reply to Preliminary Statement

In the Preliminary Statement section at page 1 of its Opposition Memorandum, ISS mischaracterizes the undersigned Counsel's statement that a concession was made as to the likelihood of success on the merits of all of Plaintiff's claims. Nothing could be further from the truth. At the hearing AAUG acknowledged its responsibility for the nonpayment of certain claims due to economic circumstances beyond its control - nothing more. The likelihood of success on Plaintiff's claims which raise issues of fraud and conspiracy, and claims against the individual Defendant GREGORY have never been conceded. To the contrary, Defendant vigorously maintains that these claims are completely without merit, and constitute an improper attempt to turn a breach of contract action into a tort action. Moreover Defendants have never conceded to the standing or ability of Plaintiff to file suit on insurance policies of non-parties to the litigation or on claims that have yet to be filed.

## Reply to Standard of Review

In the Argument – Standard of Review section at paragraph A, pages 2 to 3 of its Opposition Memorandum, ISS cites to the case, *BB In Technology Co., Ltd. v. JAF, LLC*, 242 F.R.D. 632, 636 (S.D. Fla. 2007)(citations omitted), which it takes out of context for the proposition that the Court cannot consider the Terms of Business Agreement [ECF No. 65-1] between AAUG and ISS Financial & Insurance Network, Inc. ("ISSFIN"), because it is outside the four corners of the Complaint. In *JAF, LLC*, the Court found "…where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and if a defendant attaches such documents to the motion to dismiss, the court may consider them." *JAF,*

*LLC*, 242 FRD 632, 637.  Given the holding in *JAF, LLC,* this Court should ask why ISS was acting through its agent ISSFIN in all communications and transactions concerning the ISS EduCare Plan with Defendants.  See ¶7, Amended Complaint.  The only reason ISS dealt with Defendants through its agent ISSFIN was because of the contractual relationship between ISSFIN and AAUG.  It's implicit throughout the Amended Complaint that the Terms of Business Agreement [ECF No. 65-1] forms the basis for all ISS's alleged communications with Defendants and thus such agreement is extensively referenced, albeit implicitly in the Amended Complaint.  That is why ISS could not avoid mentioning ISSFIN throughout the Amended Complaint.

## Reply to ISS's Rule 12(b)(3) Arguments

Plaintiff sets forth its arguments against Rule (12)(b)(3) dismissal in its Opposition Memorandum at the Argument section B.1., pages 3 through 6.  The Terms of Business Agreement [ECF No. 65-1] states at page 2 that "AAUG wishes to provide ISSFIN with the insurance coverage under the ISSFIN EduCare Plan."  Thus, the policies for which ISS sues were issued pursuant to and in connection with the Terms of Business Agreement.  "Educare Plan" is mentioned all throughout the Terms of Business Agreement.  Plaintiff openly admits that ISSFIN was its agent, and to say that the allegations in the Amended Complaint concern only the policies and not the underlying Terms of Business Agreement for which the policies were allowed to be issued is without merit.  ISS wanted to improperly avoid the jurisdiction of the British Virgin Islands, and that is the reason for not naming ISSFIN as the proper Plaintiff.  It is incredulous for ISS to argue on the one hand ISSFIN was its agent with respect to all transactions and communications with Defendants, but on the other hand, it is not a signatory to the Terms of Business Agreement, therefore such agreement is not applicable.

4

**Reply to ISS's Arguments Concerning ISSFIN as Not an Indispensible Party**

Plaintiff sets forth its arguments against defining ISSFIN as an indispensible party in its Opposition Memorandum at the Argument section B.3., pages 6 through 11, and cites *Bertin USA Corp. v. Spradling,* No. 09-23056, 2010 WL 750310 (S.D. Fla. Mar. 2, 2010). ISS also mischaracterizes the *Spradling* case as supporting its position.

In *Spradling*, 2010 WL 750310, at *3, the Court denied the defendant's motion to join as an indispensible party, International Food Packers, another party to an agreement between the plaintiff and defendant, because the obligations for which plaintiff had sued the defendant under the agreement were separate and different than the obligations that defendant had to International Food Packers under the same agreement. This scenario under *Spradling*, is not present in the instant case. In the instant case, ISSFIN's obligations are not different than ISS's. ISS states in the Amended Complaint that ISSFIN was its agent in all transaction and communications with Defendants that are the subject of the lawsuit. Therefore, ISS, through its agent ISSFIN, agreed as stated in paragraph 2.8 of the Terms of Business Agreement [ECF No. 65-1] that ISSFIN was to "**always act as agent for the customers** when … dealing with claims…." (emphasis added). Plaintiff's entire case concerns claims on the policy. Thus, since ISSFIN is ISS's agent in dealing with claims, ISS is bound by the actions and agreement of its agent ISSFIN. Here again, it is clear that ISS's claims for breach of the insurance policy for non-payment of claims, and all other claims in the Amended Complaint for that matter, are governed by and controlled by the Terms of Business Agreement. It is no wonder that ISS must make the allegation that ISSFIN was its agent in all transactions and communications with Defendant, because it clearly has to make that allegation in order sue under the EduCare insurance policy.

ISS also improperly argues that ISSFIN is not an indispensible party according to the holdings of *Dean Witter Reynolds, Inc. v. Pollack*, No. 96-6397-CIV-DAVIS, 1996 WL 1044969 (S.D. Fla. May 29, 1996) and *Law Offices of David Stern, P.A. v. SCOR Reinsurance Corp.*, 354 F. Supp.2d 1338 (S.D. Fla. 2005), which essentially hold that an agent is not an indispensible party where a party can obtain complete relief against the principal.  Again, ISS mischaracterizes the applicability of these cases, and indeed said cases support Defendants' position.  In *Dean Witter*, who was plaintiff, the court did not agree with the defendants' argument that *Dean Witter's* local agent should be joined as an indispensible party in that complete relief could be awarded to plaintiff without the agent's presence since the injunction sought was possible even if the agent was not joined.  *See Dean Witter*, 1996 WL 1044969, at *2.  Likewise, the *David J. Stern, P.A.*, case cited by ISS also supports Defendants' position.  In *David J. Stern, P.A.*, the defendant principal's agent was deemed not an indispensible party because the plaintiff could obtain complete relief against the defendant principal, which would preclude plaintiff from seeking to recover against the agent later.  *David J. Stern, PA.*, 354 F. Supp.2d 1338, 1345.

In the instant case, that is analogy is not consistent—complete relief cannot be awarded to all parties if ISSFIN were not joined because ISSFIN, as ISS's agent, conducted all communications and transactions with AAUG and Gregory.  Thus, the alleged misrepresentations supporting fraud and conspiracy were made directly between ISSFIN and Defendants, and there was no direct communication between ISS and Defendants.  Within the four corners of the Amended Complaint, there are also no allegations that Defendants made misrepresentations directly to the policy holders; the policy holders were not fraudulently induced to purchase a health insurance plan.  Furthermore, this Court cannot enter a judgment for accounting without having to examine and make determinations of fact concerning any and all

6

transfers between AAUG and ISSFIN. A proper accounting cannot be made without examining the funds loaned to ISS by ISSFIN to cover a portion of the claims. There must also be a determination as to which claims were paid by ISS and which claims were paid by ISSFIN. And also, it would be in the interest of judicial economy to include ISSFIN in order to avoid multiple suits involving the same parties.

Defendants also cannot obtain complete relief because they are precluded from raising the defenses that ISS waived jurisdiction through its agent, ISSFIN, who waived jurisdiction on behalf of ISS, without bringing in ISSFIN as an indispensible party. Indeed as alleged in the Amended Complaint, all of Defendants' actions and representations were made to ISSFIN as agent for ISS. ISS's Counsel stated at the hearing on preliminary injunction that "(a)ny claims that ISSFIN has under the Terms of Business Agreement may be pursued at some point…." (11/09/10 Hearing Tr., 6:1-2 (copy of 11/09/10 Hearing Transcript attached to ISS's Opposition Memorandum as Exh. A)) ISSFIN would have claims against Defendants for the same alleged conduct and transactions that ISS is asserting in its Amended Complaint. If, both ISS and ISSFIN were to recover damages for the same conduct, it would amount to multiple suits and a double recovery against Defendants.

### Reply to ISS's Arguments Concerning the Economic Loss Rule and Piercing the Corporate Veil

Plaintiff sets forth its arguments against dismissal of the Amended Complaint based upon the *Economic Loss Rule* and piercing the corporate veil in its Opposition Memorandum at the Argument section D., pages 9 and 10. There are two sets of alleged misrepresentations by Defendants in the Amended Complaint. The first set of alleged misrepresentations is that Defendants misrepresented the solvency of the AAUG made prior to the policies being entered into, and allegedly made to induce ISS and the policy holders to enter into the policies. The

7

second set of alleged misrepresentations is that Defendants misrepresented that they would pay claims under the policy that had not been paid but should have been paid. Both sets of alleged misrepresentations are related to, dependent on, derived from and inextricably intertwined with AAUG's performance of the Terms of Business Agreement as well as the policies. According to *Hotel Key Largo v. RHI Hotels, Inc.*, 694 So.2d 74 (Fla. 3d DCA 1997), the economic loss rule bars tort claims, including fraud because "misrepresentations relating to a breaching party's performance of a contract do not give rise to an independent cause of action in tort, where such misrepresentations are interwoven and indistinct from the heart of the contractual agreement." *See id.* at p. 78. In *Hotel Key Largo* the defendant made representations as to its abilities to perform the contract when it represented that the plaintiff would benefit from defendant's experience and management in the hotel industry. *See id.* at p. 76. The defendant's representation as to its experience and management, which the plaintiff claimed were made to fraudulently induce plaintiff, was deemed to be a representation for which the *Economic Loss Rule* would apply. *See id.* at p. 78-79. The court in *Hotel Key Largo*, affirmed the dismissal of the plaintiff's fraud claims. *See id.*

As applied to the instant case, *Hotel Key Largo* bars ISS's fraud claims. Defendants' representations as to AAUG's solvency support its ability to perform the contract, i.e. AAUG's ability to pay claims as promised under the policies. Thus Defendants' alleged misrepresentation as to AAUG's solvency, are representations that are not separate and distinct from the heart of the EduCare Plan policies. Furthermore, Defendants' alleged misrepresentations that it would make the payments on claims, particularly after claims checks had bounced, are clearly promises that are governed by the policies and not an exception to the *Economic Loss Rule*—payment of claims is an obligation of the Educare policies. Assuming Plaintiff prevails, its damages are

remedied by an award of the monies that are due and unpaid under the policies. Payment of unpaid claims is a contractual term of the policy, nothing more.

ISS has not made the proper allegations to sue Mr. Gregory independently. It has not alleged that AAUG was the alter ego of Mr. Gregory, or that AAUG's separate identity was not lawfully maintained. *See Gasparini et al. v. Pordomingo, et al*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008). ISS alleging that assets have been dissipated is not the same as alleging that Defendants disregarded the corporate form of AAUG. There are no allegations in the four corners of the complaint for example, that claim bank accounts of Defendants and other third parties have been commingled, or fund were being used to pay Mr. Gregory's personal expenses.

## Conclusion

Defendants do not concede any arguments by ISS made in its Opposition Memorandum not otherwise addressed in this Reply. Any arguments not addressed in this Reply are adequately addressed in Defendants' Motion to Dismiss.

**WHEREFORE**, Defendants respectfully request that upon consideration of the arguments made in the Motion to Dismiss and Reply, that the Court dismiss Plaintiff's Amended Complaint, and for any other relief deemed just and proper.

**Dated June 29, 2012**

         Respectfully submitted,

         s/ Alan C. Gold_____
         Alan C. Gold (Florida Bar No. 304875)
         James L. Parado (Florida Bar No. 580910)
         ALAN C. GOLD, P.A.
         1501 Sunset Drive, 2nd Floor
         Coral Gables, FL 33143
         Telephone: (305) 667-0475
         Facsimile: (305) 663-0799
         E-mail: agold@acgoldlaw.com
            jparado@acgoldlaw.com

         *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2012 I electronically filed the foregoing "Reply Memorandum to Plaintiff's Memorandum In Opposition to Defendants' Motion to Dismiss Amended Complaint" with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notice or Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

         s/ Alan C. Gold_____
         Alan C. Gold (Florida Bar No. 304875)
         James L. Parado (Florida Bar No. 580910)

## **SERVICE LIST**

*International Schools Services, Inc. v. AAUG Insurance Company, Ltd., et al.*
Case No.: 10-62115-CIV-ALTONAGA/Brown
United States District Court Southern District of Florida

**Michael J. Carney, Esq.**
E-mail: mjc@kubickidraper.com
KUBICKI DRAPER
One East Broward Boulevard Suite 1600
Fort Lauderdale, Florida 33301
Tel.: (954) 768-0011
Fax: (954) 768-0514

**Elliott M. Kroll, Esq.**
E-Mail: kroll.elliott@arentfox.com
**James Westerlind, Esq.**
E-Mail: westerlind.james@arentfox.com
ARENT FOX LLP
1675 Broadway
New York, NY 10019
Tel.: (212) 484-3900
Fax: (212) 484-3990

Counsel for Plaintiffs