UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-62115-CIV-ALTONAGA/Simonton

INTERNATIONAL SCHOOLS
SERVICES, INC.,

      Plaintiff,

vs.

AAUG INSURANCE COMPANY,
LTD and GREGOR GREGORY,

      Defendants.

_____/

## ANSWER, AFFIRMATIVE DEFENSES & DEMAND FOR JURY TRIAL

Defendants, AAUG Insurance Company, Ltd. (individually, "AAUG") and Gregor Gregory (individually, "GREGORY") (collectively, "Defendants"), hereby file their Answer Affirmative Defenses & Demand For Jury Trial filed in response to Plaintiff International Schools Services, Inc.'s ("ISS") Amended Complaint [ECF No. 213], and in support thereof state as follows:

## ANSWER

1.    Defendants deny the allegations contained in paragraph 1 of the Amended Complaint.

### Parties

2.    Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 2 of the Amended Complaint, and therefore deny the allegations.

3.    Defendants admit the first sentence of paragraph 3 of the Amended Complaint that AAUG was incorporated under the laws of the British Virgin Islands and its

registered office address.  Defendants deny the remainder of the allegations contained in paragraph 3 of the Amended Complaint.

4.      Defendants deny the allegation in paragraph 4 of the Amended Complaint that GREGORY has principal responsibility for the conduct complained of in the Amended Complaint; Defendants admit the remainder of the allegations contained in paragraph 4 of the Amended Complaint.

### Jurisdiction and Venue

5.      Defendants deny the allegations contained in paragraph 5 of the Amended Complaint.

6.      Defendants deny the allegations contained in paragraph 6 of the Amended Complaint.

### Facts

7.      Defendants admit the allegations contained in paragraph 7 of the Amended Complaint.

AAUG's and Gregory's Initial Misrepresentations (Defendants deny the factual characterization of this heading in the Amended Complaint)

8.      Defendants admit the allegations contained in paragraph 8 of the Amended Complaint.

9.      Defendants admit the allegations contained in paragraph 9 of the Amended Complaint.  Defendants further point out that ISS's allegation that "…the excess of loss reinsurance that Gregory had made representations about had been cancelled in July 2009, long before Gregory represented that such reinsurance was in place", directly conflicts with ISS's allegation that GREGORY falsely represented that reinsurance existed in spring 2008 as explained in paragraph 8.  Therefore by ISS's own admission, GREGORY did not misrepresent to ISS that reinsurance existed at the time ISS claims it was fraudulently induced.

10.   Defendants are without sufficient knowledge to admit or deny the allegation in paragraph 10 of the Complaint that it did not provide to ISS, ISSFIN (a.k.a. "International Schools Services Financial Insurance Network, Inc.") or any of the schools until February 23, 2008, a copy of AAUG's audited financial statements for year end 2008, and therefore deny said allegation in paragraph 10.   As for the quotation of the excerpt of page 21 of the 2008 audited financial statements, Defendants neither admit nor deny said allegation, since the documents speaks for itself.

11.   Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 11 of the Amended Complaint, and therefore deny the allegations.

12.   Defendants deny the allegations contained in paragraph 12 of the Amended Complaint.

13.   Defendants deny the assumption made in paragraph 13 of the Amended Complaint that AAUG was insolvent.  Defendants are without sufficient knowledge to admit or deny the remainder of allegations contained in paragraph 13 of the Amended Complaint, and therefore deny the remainder of the allegations.

14.   Defendants admit the allegation made in paragraph 14 of the Amended Complaint that from January 2010, "ISSFIN segregated premiums paid under the EduCare Plan to an account controlled by ISS (with AAUG did not have access) for the payment of claims under the EduCare Plan."  Defendants are without sufficient knowledge to admit or deny the total net amount of $8,481,354.55 from July 1, 2008 through January 2010 of premiums paid by ISS and other schools, and therefore deny said

allegation.  Defendants deny the remainder of the allegations contained in paragraph 14 of the Amended Complaint.

15.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 15 of the Amended Complaint, and therefore deny the allegations.

16.     Defendants deny the allegation in paragraph 16 of the Amended Complaint that claims were "wrongfully disregarded" by AAUG.  Defendants are without sufficient knowledge to admit or deny the remainder of allegations in paragraph 16 of the Amended Complaint, and therefore deny said allegations.

<u>AAUG Begins Bouncing Claim Payment Checks and ISS Learns of Gregory's Lies (Defendants deny the factual characterization of this heading in the Amended Complaint)</u>

17.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 17 of the Amended Complaint, and therefore deny the allegations.

18.     Defendants admit the allegation in Paragraph 18 of the Amended Complaint that ISSFIN took control of the receipt of premium payments made by the insureds in February 2010 and deposited the same in an account for which AAUG had no control.  Defendants are without sufficient knowledge to admit or deny the remainder of the allegations contained in paragraph 18 of the Amended Complaint, and therefore deny remainder of the allegations.

19.     Defendants deny the allegations contained in paragraph 19 of the Amended Complaint.

20.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 20 of the Amended Complaint, and therefore deny the allegations.

AAUG's Failure to Adjust and Pay Claims (Defendants deny the factual characterization of this heading in the Amended Complaint)

21.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 21 of the Amended Complaint, and therefore deny the allegations.

22.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 22 of the Amended Complaint, and therefore deny the allegations.

23.     Defendants deny the allegations contained in paragraph 23 of the Amended Complaint.

AAUG's and Gregory's Additional Misrepresentations (Defendants deny the factual characterization of this heading in the Amended Complaint)

24.     Defendants deny the allegations contained in paragraph 24 of the Amended Complaint.

25.     Defendants deny the allegations contained in paragraph 25 of the Amended Complaint.

26.     Defendants deny the allegations contained in paragraph 26 of the Amended Complaint.

27.     Defendants deny the allegations contained in paragraph 27 of the Amended Complaint.

28.   Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 28 of the Amended Complaint, and therefore deny the allegations.

29.   Defendants deny the allegation in paragraph 29 of the Amended Complaint that AAUG did not have sufficient reinsurance in place to cover the risks it had underwritten with respect to the EduCare Plan.  Defendants are without sufficient knowledge to admit or deny the remainder of the allegations contained in paragraph 29 of the Amended Complaint, and therefore deny the remainder of allegations.

AAUG, Through Gregory, Has Funneled Assets Out of the Company (Defendants deny the factual characterization of this heading in the Amended Complaint)

30.   Defendants deny the allegations contained in paragraph 30 of the Amended Complaint.

31.   Defendants deny the allegations contained in paragraph 31 of the Amended Complaint.

32.   Defendants deny the allegations contained in paragraph 32 of the Amended Complaint.

33.   Defendants deny the allegations contained in paragraph 33 of the Amended Complaint.

34.   Defendants admit AAUG has been paid, but are without sufficient knowledge to admit or deny the allegation in paragraph 34 of the Amended Complaint concerning the amount ISS and other insureds under the EduCare Program have paid through January 2010, and therefore deny said allegation as to amount.  Defendants deny the remainder of allegations in paragraph 34 of the Amended Complaint.

35.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 35 of the Amended Complaint, and therefore deny the allegations.

36.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 36 of the Amended Complaint, and therefore deny the allegations.

**As and For A First Cause of Action**
**(Against Gregory – Fraud)**

37.     Defendants repeat and reallege each of the foregoing responses as if set forth fully and at length herein, in response to paragraph 37 of the Amended Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the Amended Complaint, including subparts (a), (b), (c) and (d).

39.     Defendants deny the allegations contained in paragraph 39 of the Amended Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Amended Complaint.

41.     Defendants deny the allegations contained in paragraph 40 of the Amended Complaint.

42.     Defendants are without sufficient knowledge as to the allegation in paragraph 42 of the Amended Complaint concerning the net amount paid from July 1, 2008 through January 2010, and therefore deny said allegation. Defendants admit ISSFIN took receipt of premiums paid and deposited such premiums in an account controlled and used by ISS for the payment of claims under the EduCare Plan as alleged in

paragraph 42 of the Amended Complaint.  Defendants deny any other allegation contained in the remainder of paragraph 42 of the Amended Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Amended Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Amended Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the Amended Complaint.

**As and For a Second Cause of Action**
**(Against AAUG – Breach of Contract)**

46.     Defendants repeat and reallege each of the foregoing responses as if set forth fully and at length herein, in response to paragraph 46 of the Amended Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Amended Complaint.

48.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 48 of the Amended Complaint, and therefore deny the allegations.

49.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 49 of the Amended Complaint, and therefore deny the allegations.

50.     Defendants deny the allegation contained in paragraph 50 of the Amended Complaint that claims were "wrongly ignored by AAUG".  Defendants are without sufficient knowledge to admit or deny the remainder of allegations contained in paragraph 50 of the Amended Complaint, and therefore deny the allegations.

51.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 51 of the Amended Complaint, and therefore deny the allegations.

52.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 52 of the Amended Complaint, and therefore deny the allegations.

53.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 53 of the Amended Complaint, and therefore deny the allegations.

54.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 54 of the Amended Complaint, and therefore deny the allegations.

55.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 55 of the Amended Complaint, and therefore deny the allegations.

56.     Defendants deny the allegations contained in paragraph 45 of the Amended Complaint.

### As and For a Third Cause of Action
### (Against Gregory – Accounting)

57.     Defendants repeat and reallege each of the foregoing responses as if set forth fully and at length herein, in response to paragraph 57 of the Amended Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the Amended Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of the Amended Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of the Amended Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of the Amended Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of the Amended Complaint.

## As and For a Fourth Cause of Action
### (Against Gregory – Civil Conspiracy)

63.     Defendants repeat and reallege each of the foregoing responses as if set forth fully and at length herein, in response to paragraph 63 of the Amended Complaint.

64.     Defendants deny the allegations contained in paragraph 64 of the Amended Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the Amended Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of the Amended Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of the Amended Complaint.

68.     Defendants deny the allegations contained in paragraph 68 of the Amended Complaint.

69.     Defendants deny each and every allegation contained in the Amended Complaint not otherwise specifically responded to above.

**WHEREFORE**, Defendants respectfully request that this Honorable Court enter judgment in their favor, award costs and attorney's fees as applicable, and for any other relief deemed just and proper.

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**Common Allegations – Background & Facts**</u>

1. AAUG provides a wide range of insurance and reinsurance solutions to leading insurance carriers worldwide.  Focusing on selected insurance and reinsurance programs, AAUG underwrites risks for reinsurers and/or shares in the risks undertaken by writers of individual and group insurance covers.  AAUG offers a broad array of administrative services for the international health insurance market. AAUG can design and implement all functions of product development including pricing, actuarial support, underwriting, and risk selection. If clients have ongoing in health insurance or reinsurance operations, AAUG can manage all functions of the program including the front and back office, marketing and distribution. AAUG also has the capacity to implement and administer managed care programs for health insurance products anywhere in the world.  AAUG only provides insurance and reinsurance products and services to persons living outside of the United States of America, and therefore does not incur any risk or liabilities inside the USA, including Florida.

2. The ISSFIN EduCare International Plan ("EduCare Plan") is a group medical, dental, vision and life insurance plan for international educators developed by ISSFIN. ISSFIN was ISS's agent at all relevant times herein and with respect to its transactions and communications with AAUG that are the subject of this lawsuit. Educare Plan's

participants include 43 schools located throughout the world. Under the EduCare Plan, participating schools purchase group medical, dental, vision and life insurance policies directly from an insurer, and their teachers and employees are issued certificates verifying coverage under the policies.

3. In the spring of 2008, ISSFIN and AAUG began negotiations in order for AAUG to become the insurer of the EduCare Plan.  ISSFIN, through its president John Farrell, made representations to AAUG concerning actuarial analyses of ISSFIN's EduCare Plan. ISSFIN provided AAUG with inaccurate loss runs which omitted numerous pending claims.  The actuarial analyses grossly underestimated the total expected cost of claims payable under policies to be issued under the EduCare Plan.

4. Had ISSFIN not withheld information from AAUG and provided accurate loss runs, AAUG would have either charged higher premiums or would have chosen not to underwrite the EduCare Plan.

5. Based upon these representations, AAUG issued group medical, dental, vision and life insurance policies to the schools participating in EduCare Plan.  Based upon these representations, on August 1, 2008, AAUG sold and issued ISS a policy, bearing policy number 1500460000 and an effective date of August 1, 2008.

6. During the period July 2008 to December 2010, $12,776,061.96 in premiums were collected under the Plan.

7. ISSFIN received commission in the amount of $2,439,080.76 for these premiums paid, with $518,986.52 being taken in 2010.  It took this commission out of the premiums paid before any money was sent to AAUG to be used insurance coverage.

8.  **First Affirmative Defense:**  *Sufficiency of Consideration for 2008 Policy*.  Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.  ISS and the insureds entered into an original agreement for insurance policy in August 2008, which agreement was completely fulfilled.  The original policy terminated in August 2009, at which time a renewal agreement for insurance policy was entered into, constituting a separate policy.  With the 2008 policy being complete and fulfilled, damages, if any, should be limited to those incurred after the 2009 policy became effective.

9.  **Second Affirmative Defense:** *Fraud In the Inducement by ISS and Its Agent ISSFIN*.  Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.  ISSFIN's representations on behalf of ISS and with ISS's authority were false and grossly understated the profitability and solvency of said Plan.  As a result of ISSFIN's false representations, AAUG paid more in claims than substantially more in claims than anticipated resulting in no profit whatsoever, and even incurring liability on claims for more than it was able to pay.  Said representations were made intentionally, and concealed material facts from AAUG.  ISS and ISSFIN had knowledge that their false representations were materially false when made.  ISS and ISSFIN engaged in the fraudulent conduct alleged for their own personal benefit, having received commissions of $2,439,080.76 at the expense of not only AAUG who failed to make a profit, but also the insureds for whom AAUG was unable to pay claims.  ISS's and ISSFIN's false statements were made to induce AAUG to agree to underwrite the insurance polices under the EduCare Plan, and to incur a larger commission to ISSFIN than would have been allowed had they not misrepresented the actuarial analyses and loss runs of the plan.

ISSFIN accepted the commission, and ISS and ISSFIN benefited from said commission, which, in equity and good conscience, they should not be permitted to hold. ISS's and ISSFIN's conduct as allaeged herein was willful, wanton, malicious, grossly negligent or reckless, oppressive, outrageous, deliberately violent, with moral turpitude, insulting, or fraudulent.  AAUG has been damaged as a result of the false statements of material fact and concealments made by ISS and ISSFIN.  As a result of the fraud in the inducement, AAUG is entitled to compensatory damages, punitive damages, interest, disgorgement of commissions in order to pay unpaid claims, costs and attorney's fees as applicable.

10. **Third Affirmative Defense:**    *Setoff*. Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.  As a result of the fraud in the inducement, AAUG is entitled to compensatory damages, punitive damages, interest, disgorgement of commissions in order to pay unpaid claims, costs and attorney's fees as applicable.

11. **Fourth Affirmative Defense:**  *Civil Conspiracy*. Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.  Upon information and belief, ISS, ISSFIN and their principals entered into a conspiracy to do an unlawful act or to do a lawful act by unlawful means, *to wit*:  induce AAUG to underwrite policies under the EduCare Plan, knowing its representations were false and grossly understated the profitability and loss runs of said Plan in order to obtain commissions and profit at the expense of AAUG and the insureds.  Upon information and belief, ISS, ISSFIN and their principals performed some overt act in pursuance of the conspiracy, as described above. Among other things, ISSFIN on behalf of ISS lied in its actuarial analyses.  ISS, ISSFIN and their principals' conduct as alleged herein was willful, wanton, maliciousness,

grossly negligent or reckless, oppressive, outrageous, deliberately violent, with moral turpitude, insulting, or fraudulent.  AAUG has been damaged as a result of ISS, ISSFIN and their principals' civil conspiracy.  As a result of the civil conspiracy, AAUG is entitled to compensatory damages, punitive damages, interest, disgorgement of commissions in order to pay unpaid claims, costs and attorney's fees as applicable.

12. **Fifth Affirmative Defense:**  *Waiver Regarding 2008 Policy*.  Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.  At the time the 2008 policy expired, ISS entered into a new policy in 2009.  Therefore, any actions or damages related to the 2008 policy have been waived.

13. **Sixth Affirmative Defense:**  *Estoppel Regarding 2008 Policy*.  Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.  At the time the 2008 policy expired, ISS entered into a new policy in 2009.  Therefore, ISS is estopped from claiming any damages related to the 2008 policy.

14. **Seventh Affirmative Defense:**  *Accord & Satisfaction*.  Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.  The 2008 policy was completely fulfilled.  Therefore, ISS has not incurred any damages related to the 2008 policy.

15. **Eighth Affirmative Defense:**  *Failure of Consideration*.  Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.  By misrepresenting the actuarial analyses and solvency of the EduCare Plan, ISS failed to provide adequate consideration for AAUG to ensure the Plan.

16. **Ninth Affirmative Defense:**  *Payment*.  Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.  The unpaid claims alleged

in the Amended Complaint constitute a small portion of the total claims made under the EduCare Plan.  AAUG paid all other claims made by the insureds.  Therefore, ISS is not entitled to any damages other than the unpaid claims at issue in its claim for breach of contract.

17. **Tenth Affirmative Defense:**  *Release.*   Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.  ISS released Defendants from any and all obligations and damages concerning the 2008 policy, once it entered into a subsequent agreement, the 2009 policy.

18. **Eleventh Affirmative Defense:** *Statute of Frauds*.  Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.  All or some of the assignments of claims from the insureds are not in writing and therefore barred by the *statute of frauds.*

19. **Twelfth Affirmative Defense:**  *Failure to Join An Indispensible Party – AAUG.* Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.   ISS failed to join an indispensible party to its claims for fraud, accounting and conspiracy, AAUG.

20. **Thirteenth Affirmative Defense:**  *Failure to Join An Indispensible Party – ISSFIN as Plaintiff.*  Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.  ISS failed to joint an indispensible party as a plaintiff, ISSFIN.

21. **Fourteenth Affirmative Defense:** *Failure to Join An Indispensible Party – ISSFIN, Ms. Logorda and Mr. Farrell as Defendants.*   Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.   ISS failed to join indispensible parties as defendants, ISSFIN, Ms. Logorda and Mr. Farrell.

22. **Fifteenth Affirmative Defense:**   *Damages Beyond Defendants' Control.*   Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.   All injuries or damages alleged to have been sustained by ISS were caused by third parties, agencies, persons, entities, forces or instrumentalities outside and beyond the control of Defendants.   There were intervening or superseding acts of negligence not attributable to Defendants which were the sole proximate cause of ISS's damages or contributing causes of ISS's damages.

Prior to AAUG ever doing business with ISS, in 2006 AAUG entered into a Managing General Underwriter Agreement ("MGU"), a Reinsurance Contract and a Bulk (Quota Share Coinsurance Reinsurance Contract with the Trinidadian company, CLICO. The agreements between AAUG and CLICO allowed AAUG to, *inter alia*, underwrite and manage insurance policies, collect and hold premiums, pay claims, and reinsure all business conducted in South America, the Caribbean, Asia and the Middle East.   At the time AAUG entered into the agreements with CLICO, CLICO had an AM Best's Rating of A-, and upon information and belief was the preeminent insurer and reinsurer operating mainly in Latin America and the Caribbean.   CLICO was owned by Colonial Life Financial Group ("CL Financial"), a multinational conglomerate of companies involved in banking, finance, insurance, energy, and various other industries.   Upon information and belief, at the time the agreements were entered, CL Financial's balance sheet exceeded $20 billion, and CL Financial accounted for 20-35% of the Caribbean Basin's economy.

Under the agreements, net premiums collected by AAUG are forwarded to CLICO which are held in a Funds Withheld account that AAUG holds with CLICO, and

CLICO accepts 100% of the business underwritten by AAUG that is submitted to CLICO for reinsurance.  CLICO and its affiliates constituted a multibillion dollar industry in Trinidad.

In early December 2008, CLICO's parent company represented to AAUG that CLICO's financial health was strong and solvent.  However, at some point thereafter in early 2009, it became apparent that CLICO, through a series of bad business decisions and investments, was on the verge of financial collapse, analogous to the near financial collapse of AIG in the USA.  The financial condition of CLICO and its affiliates threatened the interest of depositors, policy holders and creditors, including AAUG, and posed a danger of disruption and damage to the financial system of Trinidad and Tobago. To prevent CLICO's collapse, on or about January 2009, the Government of the Republic of Trinidad and Tobago ("GORTT") invoked Section 44D of the Central Bank Act (Trinidad and Tobago), essentially seizing control of CLICO, after bailing CLICO out of debt with billions of dollars in government backed loans. GORTT has overseen and continues to oversee the managing and/or selling of CLICO's assets in order to bring CLICO back out of insolvency.  The government takeover of CLICO, has resulted in millions of dollars being withheld in numerous accounts, including the Funds Withheld account AAUG holds with CLICO.  Those funds frozen by GORTT were the same funds which were to be used for the payment of claims made by AAUG's certificate holders and providers with ISS.

Since GORTT's takeover of CLICO in 2009, AAUG, through its principal Defendant GREGORY, has been working closely with CLICO in order to unfreeze CLICO's assets related to AAUG in order to recommence and repair its business.

Unfortunately, the process has suffered numerous delays due to the changes and turnover from government elections, as well as the Board of Directors of CLICO, which is on its third chairman since the government takeover.  Each time AAUG succeeds in moving forward to unfreeze assets, the constant changes and turnover causes these successes to move backward, as AAUG must deal with, bring up to speed, and establish new relationships with each new administration.

After the problems with CLICO arose, AAUG had been able to pay some claims from accounts associated with CLICO.  However, at some point, CLICO discontinued AAUG's access to the funds, which resulted in the approximately $97,000 checks being written which were not honored.  Defendants did not, as ISS alleges, write the checks knowing the same would be invalid.  As soon as the problems with CLICO became known, AAUG through GREGORY remained in constant communication with ISS and ISSFIN keeping them briefed on the situation.

23. **<u>Sixteenth Affirmative Defense:</u>** *Damages Unforeseeable.* Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.  ISS's injuries or damages were not reasonably foreseeable by Defendants.

24. **<u>Seventeenth Affirmative Defense:</u>** *Failure to Mitigate Damages.*  Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.  ISS failed to mitigate its damages by not pursuing claims against ISSFIN.

25. **<u>Eighteenth Affirmative Defense:</u>** *Business Judgment Rule.* Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.  ISS's claims for fraud, conspiracy and accounting are barred by the *business judgment rule.* AAUG is entitled to make business decisions concerning its assets and investments

without interference.  CLICO's failure to pay AAUG was the cause of AAUG's inability to pay claims.  Even if AAUG made decisions which turned out to be wrong, a mistake or caused it to deplete its assets and investments, said decisions are not actionable for fraud, conspiracy and accounting, as the same were made for a legitimate business purpose, and not done with intent to defraud ISS.

26. **Nineteenth Affirmative Defense:**  *Failure to Join an Indispensible Party – CLICO*. Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.  ISS failed to joint an indispensible party as a defendant, CLICO. CLICO owed and still owes substantial monies to AAUG, which would have been sufficient to pay the unpaid claims timely.

27. **Twentieth Affirmative Defense:**  *Unclean Hands*.  Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.  As a result of its actions, ISS has unclean hands for which its claims are barred.

28. **Twenty-First Affirmative Defense:**  *Improper Venue*.  Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.  The proper venue for this action is the British Virgin Islands, as stated in a separate agreement between ISSFIN, ISS's agent, and AAUG – the "Terms of Business Agreement".

29. **Twenty-Second Affirmative Defense:**  *Lack of Jurisdiction*.  Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.  The Court does not have jurisdiction of this matter as stated in a separate agreement between ISSFIN, ISS's agent, and AAUG – the "Terms of Business Agreement".  The British Virgin Islands has jurisdiction.

30. **Twenty-Third Affirmative Defense:** *Arbitration*.  Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.  The Court does not have jurisdiction of this matter as stated in a separate agreement between ISSFIN, ISS's agent, and AAUG – the "Terms of Business Agreement".  The lawsuit is subject to arbitration.

31. **Twenty-Fourth Affirmative Defense:** *Setoff*. Defendants repeat and reallege each of the foregoing allegations as if set forth fully and at length herein.  Defendants are entitled to a setoff of any judgment awarded Plaintiff, for any and all damages Defendants incurred as a result of the injunction.

**WHEREFORE**, Defendants respectfully request that this Honorable Court enter judgment in their favor set off, disgorgement of commissions in order to pay unpaid claims, costs and attorney's fees as applicable, and for any other relief deemed just and proper.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all issues so triable.

**Dated August 17, 2012**

21

Respectfully submitted,

s/ Alan C. Gold_____ _____
Alan C. Gold (Florida Bar No. 304875)
James L. Parado (Florida Bar No. 580910)
ALAN C. GOLD, P.A.
1501 Sunset Drive, 2nd Floor
Coral Gables, FL 33143
Telephone: (305) 667-0475
Facsimile: (305) 663-0799
E-mail: agold@acgoldlaw.com
           jparado@acgoldlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2012 I electronically filed the foregoing "Answer, Affirmative Defenses & Demand For Jury Trial" with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notice or Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Alan C. Gold_____ _____
Alan C. Gold (Florida Bar No. 304875)
James L. Parado (Florida Bar No. 580910)

<u>**SERVICE LIST**</u>

*International Schools Services, Inc. v. AAUG Insurance Company, Ltd., et al.*
Case No.: 10-62115-CIV-ALTONAGA/Simonton
United States District Court Southern District of Florida

**Michael J. Carney, Esq.**
E-mail: mjc@kubickidraper.com
KUBICKI DRAPER
One East Broward Boulevard Suite 1600
Fort Lauderdale, Florida 33301
Tel.: (954) 768-0011
Fax: (954) 768-0514

**Elliott M. Kroll, Esq.**
E-Mail: kroll.elliott@arentfox.com
**James Westerlind, Esq.**
E-Mail: westerlind.james@arentfox.com
ARENT FOX LLP
1675 Broadway
New York, NY 10019
Tel.: (212) 484-3900
Fax: (212) 484-3990

Counsel for Plaintiffs